

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00094-CV

**CITY OF EAGLE PASS**,
Appellant

v.

Isabel Velasquez **PEREZ**, individually and a/n/f of Vanessa Velasquez, minor,
Appellee

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 18-01-35130-MCV
Honorable Maribel Flores, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: September 7, 2022

OPINION WITHDRAWN; VACATED; DISMISSED

This is an appeal from an order denying the plea to the jurisdiction filed by the City of Eagle Pass in a personal injury suit brought by appellee Isabel Velasquez Perez, Individually and as Next Friend of her daughter, Vanessa Velasquez. On January 26, 2022, we issued a memorandum opinion in this case affirming the trial court's order in part and reversing the trial court's order in part. *See City of Eagle Pass v. Perez*, 647 S.W.3d 431, 433 (Tex. App.—San Antonio 2022, pet. granted, judgm't vacated w.r.m.) (mem. op.). On March 14, 2022, appellant filed a petition for review in the Texas Supreme Court. On May 31, 2022, the parties filed a "Joint

Motion Pursuant to Texas Rule of Appellate Procedure 56.3" in the Texas Supreme Court, stating that the parties reached a settlement and requesting that the Texas Supreme Court grant the pending petition for review, set aside the judgment of the court of appeals and trial court, and remand the case to the court of appeals for disposition consistent with the parties' settlement agreement.

On June 17, 2022, the Texas Supreme Court granted the parties' joint motion, and ordered that:

1) The petition for review is granted;
2) Without hearing oral argument or considering the merits, the judgments of the court of appeals and the trial court are vacated;
3) The case is remanded to the court of appeals for disposition consistent with the parties' settlement agreement;
4) The parties shall bear their own costs incurred in the court; and
5) The mandate shall issue immediately.

The mandate then issued on July 12, 2022. On August 8, 2022, we ordered the parties to file an advisory providing the information necessary for us to comply with the Texas Supreme Court's mandate. On August 17, 2022, the parties filed a joint advisory, advising the court that the parties agreed to "dismiss all claims with prejudice" and that this court "enter a judgment vacating the trial court's judgment on the plea to the jurisdiction, dismissing the case, and providing that each party will bear their costs on appeal."

Therefore, in accordance with the parties' agreement, we vacate the trial court's judgment denying the City's plea to the jurisdiction and dismiss the case with prejudice. TEX. R. APP. P. 42.1(a)(2); 43.2(e). We withdraw our January 26, 2022 opinion and judgment, and substitute this opinion and judgment in their stead. *Id.* R. 42.1(c). Costs of appeal are taxed against the parties that incurred them. *Id.* R. 43.4.

PER CURIAM